Unsealed 7/31/03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED D.C. AUG 28 1997

UNITED STATES OF AMERICA )
v. )
HAROLD BRAXTON, )
Defendant. )

CASE NO. 97-352-Cr-Moore

Magistrate Judge Dube

**EX PARTE MOTION TO ISSUE TRIAL SUBPOENA FOR DEFENDANT'S CREDIT REPORT**

The United States moves ex parte for this Court to sign the attached trial subpoena duces tecum for the Equifax credit reporting service to release a copy of its credit report for the defendant, stating as follows:

1. The United States makes this motion ex parte because it concerns the issuance of a trial subpoena, of which no notice need be given to the defense. See United States v. Edmonson, 659 F.2d 549, 551 (5th Cir. Unit A 1981).

2. For purposes of trial in the above-captioned case, the United States seeks information contained within the defendant's credit report.

3. Where a credit report is requested for purposes of trial, rather than for grand-jury proceedings, Title 15 U.S.C. § 1681b(1) requires a court order, not just a subpoena, before the credit reporting service can release the requested credit

31

report.[1]

4. Under 15 U.S.C. § 1681b(1), a subpoena issued by the Clerk of Court and signed by the United States Attorney is not an "order of a court." Where the same subpoena is signed by a federal judge, however, it is an "order of a court" as required by the statute. See e.g., In re Grand Jury Proceedings, 503 F.Supp. 9 (D. N.J. 1980); In re Grand Jury Subpoena, 498 F. Supp. 1174 (N.D. Ga. 1980); In re Vaughn, 496 F. Supp. 1080 (N.D. Ga. 1980). A representative of Equifax confirmed to agents of the Federal Bureau of Investigation that, pursuant to this statute, they could not produce the records unless the subpoena were also signed by a U.S. District Judge.

WHEREFORE, the United States of America requests that this Court issue an order directing Equifax to produce the defendant's

---

[1] Title 15, United States Code, section 1681b(1) (1996) provides:

> A consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> > (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

credit report, by signing the attached subpoena duces tecum.

Respectfully submitted,

WILLIAM A. KEEFER
UNITED STATES ATTORNEY

BY: [signature]

MICHAEL R. TEIN
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 993522
99 N.E. Fourth Street, 6th Floor
Miami, Florida 33128
(305) 536 6821
fax: 530 7976

Dated: August 28, 1997

as representative of oil company in extending credit, communication to motel that oil company was terminating plaintiff's credit would not support cause of action under this section on theory the communication was "for the purpose of furnishing consumer reports to third parties," nor did plaintiff have cause of action on theory oil company was a user of a credit report in absence of any indication that oil company relied upon credit report in making its decision to revoke plaintiff's credit. Wood v. Holiday Inns, Inc., C.A.Ala.1975, 508 F.2d 167.

Debt collection firm which received information about unpaid debts from its customers in order to pursue collection and which, if initial efforts were unsuccessful, forwarded information to consumer reporting agency and hoped latter's dissemination thereof to potential lenders would result in prompt payment of the debt was not a "consumer reporting agency" within meaning of this section. D'Angelo v. Wilmington Medical Center, Inc., D.C.Del.1981, 515 F.Supp. 1250.

This subchapter is directed at firms which as a regular part of their business aggregate credit information on individual consumers prepare credit evaluations, and report evaluations to persons or firms who thereon in making decisions about consumer credit or offering employment is not directed to those who supply information on individual debts to such consumer porting agencies and who are remote those decision makers who rely on "con reports" in making credit and other de Id.

Neither retail department store nor tion agency which disclosed either other or to credit reporting agency sonal experiences in dealing with ers from department store were reporting agencies" within this sec v. Associated Credit Bureau Servic C.Pa.1977, 451 F.Supp. 447, affirmed 2d 1376, certiorari denied 99 S.Ct. U.S. 1068, 59 L.Ed.2d 33.

Retailer was not "consum agency" under this section in gation involving allegation by credit that retailer obtained cre applicant under false pretenses suit brought under Equal Cre Act, section 1691 et seq. of Montgomery Ward & Co., 1978, 450 F.Supp. 668.

Corporation which engaged assembling or evaluating con formation for purpose of furn reports to third parties was

porting agency" as defined in this section. Morrissey v. TRW Credit Data, D.C.N.Y. 1977, 434 F.Supp. 1107.

When an agency disseminates information bearing on any of the seven characteristics of a consumer listed in this section to a third party, and the agency knows or expects that it will be used in connection with a business transaction involving the consumer, information is a "consumer report" and its originator is a "consumer reporting agency" so as to come within requirements of this subchapter. Greenway v. Information Dynamics, Ltd., D.C.Ariz.1974, 399 F.Supp. 1092.

Firm which was not a consumer reporting agency could not have violated provisions of section 1681b of this title, relating to permissible purposes of consumer reports, compliance procedures, and disclosures to consumers. Belshaw v. Credit Bureau of Prescott, D.C.Ariz.1975, 392 F.Supp. 1356.

Neither employer which asked employment applicant to submit to polygraph examination nor company which administered the examination was, in absence of evidence of other activities, a "consumer reporting agency" within this section. Peller v. Retail Credit Co., D.C.Ga.1973, 359 F.Supp. 1235, affirmed 505 F.2d 733.

An agency which regularly sells consumer reports which affect commercial eligibility is a "consumer reporting agency" within this section. Porter v. Talbot Perkins Children's Services, D.C.N.Y.1973, 355 F.Supp. 174.

A "consumer reporting agency" within this section is an agency which acts for monetary fees, dues or on a cooperative nonprofit basis, which regularly engages in whole or in part in gathering or evaluating information on consumers in order to distribute such information to third parties engaged in commerce and which uses a facility of interstate commerce to prepare or distribute the reports. Id.

Entities whose function is far removed from commerical world are not subject to this subchapter's standard of accuracy and accountability with respect to collection and dissemination of information; this subchapter is designed to check informational abuses in the commercial area. Id.

**13. Employment purposes**

Within provision of this section defining term "employment purposes" when used in connection with a consumer report as referring to a report "used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee," phrase "as an employee" modifies only the word "retention," and thus term "employment purposes" is not restricted to situation in which information is sought by an actual or prospective employer. Hoke v. Retail Credit Corp., C.A.N.C.1975, 521 F.2d 1079. Certiorari denied 96 S.Ct. 878, 423 U.S. 1087, 47 L.Ed.2d 98.

In light of the broad remedial purposes of this subchapter, court is not constrained to limit its application, with respect to information furnished for "employment purposes," by the common law concept of master and servant. Id.

## 81b. Permissible purposes of consumer reports

sumer reporting agency may furnish a consumer report under the circumstances and no other:

In response to the order of a court having jurisdiction to issue such an

accordance with the written instructions of the consumer to whom

a person which it has reason to believe—

) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection account of, the consumer; or

intends to use the information for employment purposes; or

) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a d[...]tion of the consumer's eligibility for a license or other bene[...] by a governmental instrumentality required by law to consider[...]cant's financial responsibility or status; or

(E) otherwise has a legitimate business need for the infor[...] connection with a business transaction involving the consume[...]

(Pub.L. 90–321, Title VI, § 604, as added Pub.L. 91–508, Title VI, § 601[...] 1970, 84 Stat. 1129.)

### Historical Note

**Effective Date.** Section effective upon the expiration of 180 days following Oct. 26, 1970, see section 504(d) of Pub.L. 90–321, set out as an Effective Date note under section 1681 of this title.

**Legislative History.** For legislative[...] and purpose of Pub.L. 91–508, see 19[...] Code Cong. and Adm.News, p. 4394[...]

### Library References

Credit Reporting Agencies ⚖1.

C.J.S. Mercantile Agencies § 2.

### Notes of Decisions

**Generally 1**
**Admissibility as evidence in administrative proceedings 8**
**Court order 2**
**Eligibility for license or other governmental benefit 6**
**Employment purposes 4**
**Insurance 5**
**Legitimate business need for information 7**
**Miscellaneous purposes for reports 9**
**Person making report 3**
**Transactions between consumer and person making report 3**
**Underwriting or insurance 5**

---

**1. Generally**

There are purposes for which a consumer report, subject to the requirements of this subchapter may not be furnished. Belshaw v. Credit Bureau of Prescott, D.C.Ariz.1975, 392 F.Supp. 1356.

**2. Court order**

Federal Trade Commission, charged with enforcement of this subchapter, is not compelled to obtain a court order or permission of affected consumers in order to compel disclosures of consumer credit reports from credit-reporting agency for purpose of Commission investigation, since Commission had special statutory power incident to its role as enforcer of this subchapter. F. T. C. v. Manager, Retail Credit Co., Miami Branch Office, 1975, 515 F.2d 988, 169 U.S.App.D.C. 271.

"Order of a court" may be oral, may be a paper bearing the word "order" and signed by a judge or other judicial officer, or may[...] a subpoena, writ of execution or other pro[...]cess. In re Grand Jury Proceedings, D.C.N[...]J.1980, 503 F.Supp. 9.

Grand jury subpoena, which required credit bureau to appear before grand jury and produce credit records of certain individuals and entities named in subpoena, was an "order of a court" within meaning of this section. U. S. v. Retail Credit Men's Ass'n of Jacksonville, D.C.Fla.1980, 501 F.Supp. 21.

Grand jury subpoena was not an "order of the court" within meaning of this section allowing a consumer reporting agency to furnish consumer reports in its files without risking civil and criminal liability; thus, a court order would be required before the disclosure could be made. In re Grand Jury Subpoena Duces Tecum Concerning Credit Bureau, Inc. of Georgia, D.C.Ga.1980, 498 F.Supp. 1174.

Where United States Attorney made good faith showing that records sought from consumer reporting agency were relevant to an ongoing grand jury investigation, consumer reporting agency was ordered to comply with grand jury subpoena duces tecum. Id.

Grand jury subpoena is not a court "order" as contemplated by this section which provides that consumer reporting agency may release credit information only "in response to the order of a court having jurisdiction to issue such an order" and, thus, government could obtain subpoenaed materials and testimony from agency only by moving for such an "order". In re Vaughn, D.C.Ga.1980, 496 F.Supp. 1080.

[...]y subpoena requiring consumer [...]ting agency to produce credit [...]er named individuals was "court [...]in meaning of this section al[...]g reporting agency to furnish in[...]in response to order of court hav[...]tion to issue such an order, and [...]otion to quash subpoena on [...] credit reporting agency could not [...] subpoena without violating this [...] would be denied. In re TRW, [...]Mich.1978, 460 F.Supp. 1007.

[...]ury subpoena is not "order of a [...]thin meaning of this section al[...]onsumer reporting agency to furnish [...]r report in response to such order. [...]ion of Credit Information Corp. of [...]k, D.C.N.Y.1978, 457 F.Supp. 969.

[...]order issued under this subchapter [...]nded to insure that consumer's priva[...] unduly impinged upon by disclosure [...]credit file to third parties, including [...]mental investigative agencies, which [...]seeking information for credit-related, [...]s purposes. Id.

[...]is subchapter is applicable to all govern[...] agencies, including the Internal Reve[...]Service; to extent that a government [...]y seeks a report in the hands of a con[...]r reporting agency it must obtain a court [...]r therefore pursuant to this subchapter or [...]rwise comply with this subchapter. U. S. [...]Pastorieri, D.C.N.Y.1974, 379 F.Supp.

This subchapter did not prohibit bank from [...]sponding to Internal Revenue Service sum[...]ons issued by special agency seeking pro[...]uction of certain deposit, withdrawal and [...]loan records on several depositors, and even if [...]records were covered by this subchapter, pro[...]duction would be allowed in response to an order of a court having jurisdiction to issue such order. U. S. v. Bremicker, D.C.Minn. 1973, 365 F.Supp. 701.

In action alleging that building and loan company and its officers refused to lend plaintiffs money to purchase house because of racial composition of neighborhood in which house was located, this chapter, which does not shield savings and loan institutions from suit under sections 801 et seq., 3601 et seq., and 2000d of Title 42, and which provides that certain information otherwise prohibited may be furnished in response to order of court having jurisdiction to issue such order, did not prohibit discovery of information relating to other loan applications in compliance with court order. Laufman v. Oakley Bldg. & Loan Co., D.C.Ohio 1976, 72 F.R.D. 116

Althou[...] 50–715, [...] ing civil [...] gent" no[...] imposed [...] not incur [...] credit re[...] court ha[...] der. Ka[...] Sears, R[...] 216 Kan[...]

**3. Tran[...] son**

Infor[...] only be [...] agency [...] connect[...] tween [...] Greenw[...] C.Ariz.[...]

To e[...] cial sta[...] perienc[...] tors' s[...] deposit [...] deposit [...] drawal [...] ment a[...] of whi[...] except [...] ing in[...] tween [...] report [...] ter. [...] F.Sup[...]

**4. E[...]**

Pe[...] on a [...] purp[...] litica[...] mitte[...] date [...] false [...] been [...] ness [...] thus [...] "em[...] C.A[...]

**5.**

P[...] or n[...] dete[...] anc[...] or [...] nisl[...] sur[...] the [...] m[...] de[...]

Debt collection agency, which was not in the business of assembling or evaluating consumer credit information, but rather sought to collect bad accounts, was not a "consumer reporting agency," within meaning of Fair Credit Reporting Act. Mitchell v. Surety Acceptance Corp., D.Colo.1993, 838 F.Supp. 497.

Bank which did not assemble or evaluate consumer credit information to distribute to third parties, but merely furnished information to credit reporting agency was not a "consumer reporting agency" within meaning of Fair Credit Reporting Act. Alvarez Melendez v. Citibank, D.Puerto Rico 1988, 705 F.Supp. 67.

Bank which did not furnish reports concerning consumer credit information or other information on consumers to third parties was not a "consumer reporting agency" which could be held liable for any violation of Fair Credit Reporting Act. Williams v. Amity Bank, D.Conn. 1988, 703 F.Supp. 223.

Where bank is furnishing information based solely on its own experience with a consumer, the information is not a consumer report and bank is not in those circumstances a consumer reporting agency within meaning of this subchapter. Freeman v. Southern Nat. Bank, S.D.Tex.1982, 531 F.Supp. 94.

Retail department store was not "consumer reporting agency," and thus could not be held liable for violation of Fair Credit Reporting Act, where it did no more than furnish credit report on customer to credit reporting agency. Laracuente v. Laracuente, N.J.Super.L.1991, 599 A.2d 968, 252 N.J.Super. 384.

Bank did not fall within definition of "consumer reporting agency" in Fair Credit Reporting Act (FCRA). Nikou v. INB Nat. Bank, Ind. App. 5 Dist.1994, 638 N.E.2d 448.

14. Consumer

Corporate seller of precious stones and corporation's president were not "consumers" so as to be protected by this chapter or State Consumer Reporting Agency Acts, A.R.S. § 44-1691, subds. 1, 6, though corporation also bought precious stones. Antwerp Diamond Exchange of America, Inc. v. Better Business Bureau of Maricopa County, Inc., Ariz.1981, 637 P.2d 733, 130 Ariz. 523.

**§ 1681b. Permissible purposes of consumer reports**

A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

*[See main volume for text of (2) and (3)]*

(4) In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the person making the request certifies to the consumer reporting agency that—

(A) the consumer report is needed for the purpose of establishing an individual's capacity to make child support payments or determining the appropriate level of such payments;

(B) the paternity of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws);

(C) the person has provided at least 10 days' prior notice to the consumer whose report is requested, by certified or registered mail to the last known address of the consumer, that the report will be requested; and

(D) the consumer report will be kept confidential, will be used solely for a purpose described in subparagraph (A), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose.

(5) To an agency administering a State plan under section 654 of Title 42 for use to set an initial or modified child support award.

(As amended Pub.L. 101-73, Title IX, § 964(c), Aug. 9, 1989, 103 Stat. 506; Pub.L. 104-193, Title III, § 352, Aug. 22, 1996, 110 Stat. 2240; Pub.L. 104-208, Div. A, Title II, §§ 2403, 2404(a), (b), 2405, Sept. 30, 1996, 110 Stat. 3009-___, 3009-___.)

Amendment of Section

*Pub.L. 104-208, Div. A, Title II, §§ 2403 to 2405, 2420, Sept. 30, 1996, 110 Stat. 3009-___, provided that, effective 365 days after Sept. 30, 1996, unless any person or entity complies with any provision before that date, in which case, each of the corresponding provisions shall be fully applicable to such person or entity, this section is amended:*

*(1) by inserting "(a) In general.—" before "A consumer reporting agency"; and*

*(2) in subsection (a)(3) (as so designated by paragraph (1) of this subsection), by striking subparagraph (E) and inserting the following:*

*(E) intends to use the information, as a pote[...] current insurer, in connection with a valuation [...] credit or prepayment risks associated with, an e[...]*

*(F) otherwise has a legitimate business need f[...]*

*(i) in connection with a business transact[...] consumer; or*

*(ii) to review an account to determine whet[...] to meet the terms of the account.*

*(3) in subsection (a), by striking "A consum[...] inserting "Subject to subsections (c) of this sectio[...] agency"; and*

*(4) by adding at the end the following new subse[...]*

***(b) Conditions for furnishing and using con[...] ment purposes.—***

***(1) Certification from user.**—A consumer [...] nish a consumer report for employment purpo[...]*

*(A) the person who obtains such report [...] the agency that—*

*(i) the person has complied with parag[...] consumer report, and the person will com[...] respect to the consumer report if paragr[...] and*

*(ii) information from the consumer [...] violation of any applicable Federal or Sta[...] tunity law or regulation; and*

*(B) the consumer reporting agency prov[...] mary of the consumer's rights under this [...] the Federal Trade Commission under sect[...]*

***(2) Disclosure to consumer.**—A person m[...] report, or cause a consumer report to be [...] purposes with respect to any consumer, unless[...]*

*(A) a clear and conspicuous disclosure [...] the consumer at any time before the report [...] procured, in a document that consists sol[...] consumer report may be obtained for [...]*

*(B) the consumer has authorized in wri[...] report by that person.*

***(3) Conditions on use for adverse actio[...]** report for employment purposes, before takin[...] in whole or in part on the report, the per[...] adverse action shall provide to the consumer [...]*

*(A) a copy of the report; and*

*(B) a description in writing of the rights [...] subchapter, as prescribed by the Federal [...] section 1681g(c)(3) of this title.*

***(c) Furnishing reports in connection with c[...] tions that are not initiated by the consumer.—***

***(1) In general.**—A consumer reporting ag[...] er report relating to any consumer pursuant [...] of subsection (a)(3) of this section in con[...] insurance transaction that is not initiated [...]*

*(A) the consumer authorizes the agency [...] such person; or*

*(B)(i) the transaction consists of a firm [...]*

*(ii) the consumer reporting agency has [...] of this section; and*

[vdkttext]

Case Selection

Dkt type: cr Case Number: 97-352 Division: 1

Title : USA .V. Braxton

| Filed | Entry Date | Last Update | History ID | Docketed by |
| --- | --- | --- | --- | --- |
| 8/29/97 | 9/2/97 | **/**/** | 2551226 | lk |

SEALED DOCUMENT as to Harold Braxton

+viewing docket text

Transaction: kseal doc -/ -/ - - -

Command mode (? for commands)