UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )   CASE NO. 97-352-CR-MOORE
                         )
vs.                      )   MAGISTRATE JUDGE DUBE
                         )
HAROLD BRAXTON,          )
                         )
    Defendant.           )
_____)

## GOVERNMENT'S TRIAL MEMORANDUM
## RE: ADMISSIBILITY OF ATTORNEY NOTES

### Issue

The United States seeks to introduce into evidence two pages of handwritten notes from defendant Harold Braxton's files. These notes memorialize the fact that Braxtons' client (Leonor Rodriguez) told him that she had committed Medicare fraud by paying kickbacks to Medicare beneficiaries. These notes are relevant to proving Braxton's intent to violate Judge Ungaro-Benanges' preliminary-injunction order: they show that Braxton had reason to believe that the Medicare checks were the proceeds of a fraud, and were thus within the ambit of Judge Ungaro-Benages' order.

Leonor Rodriguez has waived her attorney-client privilege as to the communication memorialized in the notes. The only remaining issue concerning admissibility is whether Braxton can use the work-product doctrine to shield the notes from the jury.

## Discussion

Braxton's notes of his client interview are attorney work-product. <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 399-400, 101 S. Ct. 677, 687-88 (1981). Ordinarily, his assertion of the attorney work-product privilege would defeat their admissibility. This privilege is vitiated however, when the "crime-fraud" exception applies.

The crime-fraud exception to attorney work-product applies when the prosecution makes a prima-facia showing (1) that the attorney committed a fraud and (2) that the notes are related to the fraud. See <u>In re Federal Grand Jury Proceedings, 89-10(MIA)</u>, 938 F.2d 1578, 1581 (11th Cir. 1991). The prosecution has met the first prong by indicting Braxton (upon a showing of probable cause) for committing the crime of obstruction-of-justice by transferring funds frozen by this Court's injunction. As for the second prong, the notes "relate" to the crime because they tend to show that Rodriguez told Braxton that she had committed Medicare fraud. Having learned this, Braxton would have been on notice that the checks were proceeds of the precise fraud that formed the basis of Judge Ungaro's injunction. The notes are relevant to rebut Braxton's intent-based defense that he did not think the Medicare checks were subject to the injunction.

The Fourth Circuit held the crime-fraud exception applicable in remarkably similar circumstances. In <u>In re Doe</u>, 662 F.2d 1073 (4th Cir. 1981), the United States sought to subpoena documents from an attorney alleged to have obstructed justice by procuring

2

false testimony on behalf of a former client. The United States contended that the documents would "corroborate the direct testimony of the client, whose credibility before a jury is obviously less than overwhelming." Id. at 1081. The Fourth Circuit recognized that, according to the Supreme Court's decision in Upjohn, supra, the work-product privilege should not be pierced absent extraordinary circumstances. Id. at 1080. In light of this standard, the Fourth Circuit held that the crime-fraud exception did apply and ordered the attorney to produce the documents:

> While we will not attempt to catalogue all conceivable extraordinary circumstances which would make the fraud exception available, they inevitably exist when an attorney, charged as a fiduciary in the administration of justice, attempts to use the opinion work product rule to shield himself from criminal prosecution arising from his actions in prior litigation.

Id. at 1080-81.

To shield these notes from disclosure would permit Braxton to deny intent to violate the order -- and at the same time prevent the jury from reading a seminal piece of evidence establishing intent. For this reason, the Ninth Circuit holds that work-product is admissible where the author's intent is at issue. See Holmgren v. State Farm Mutual Automobile Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992) (opinion work-product indicating estimates of value of insured's claim admissible in lawsuit against insurance company alleging bad-faith denial of

3

claim).

Barring disclosure would subvert, rather than further, the system that the privilege is designed to protect:

> The purpose of the work product doctrine is not to endow lawyers as individuals with an untouchable status. The doctrine was designed to assure future litigants uninterrupted and unimpaired access to, and use of, judicial mechanisms. The work product rule recognizes the lawyer's services as an indispensible part of the judicial scheme, but it was not designed as a fringe benefit for protecting lawyers who would, for their personal advantage, abuse it.

In re Doe, 662 F.2d at 1079.

WHEREFORE, the United States requests that this Court admit Harold Braxton's handwritten notes into evidence.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____
MICHAEL R. TEIN
Fla. Bar No. 993 522
ASSISTANT UNITED STATES ATTORNEY

ALEXANDER ANGUEIRA
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 716 091

99 N.E. Fourth Street, 6th Floor
Miami, Florida 33132
(305) 536 6821
fax:  530 7976

Dated: September 1, 1997

N:\UDD\MTEIN\BRAXTON\WORKPROD.LIM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand deivered the 24th day of September 1997, to Donad I. Bierman, Esq., 800 Brickell Avenue, Penthouse Two, Miami, Florida 33131-2944.

MICHAEL R. TEIN
ASSISTANT UNITED STATES ATTORNEY