AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA

v.  Case Number: 97-352-CR-MOORE

HAROLD BRAXTON #50181-004
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, HAROLD BRAXTON #50181-004, was represented by Donald Bierman, Esq.

The defendant was found guilty on count(s) 1 and 2 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1503 & 2 | OBSTRUCTION OF JUSTICE | 3/29/96 | 1 |
| 18:401 & 2 | CONTEMPT OF COURT | 3/29/96 | 2 |

As pronounced on December 5, 1997, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 200.00, for count(s) 1 and 2, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 5th day of December, 1997.

K. MICHAEL MOORE
United States District Judge

Defendant's SSAN: 210-26-135
Defendant's Date of Birth: 7/28/34
Defendant's address: 9132 S.W. 78th Place, Miami, FL 33156

Case 1:97-cr-00352-KMM   Document 72   Entered on FLSD Docket 12/11/1997   Page 2 of 4

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 2 - Imprisonment

Defendant: HAROLD BRAXTON #50181-004
Case Number: 97-352-CR-MOORE

Judgment--Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 5 months as to each of Counts 1 and 2, to run concurrently with each other.

The Court makes the following recommendations to the Bureau of Prisons: Confinement at a camp in the southern area of Florida, as close to his family as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on January 15, 1998, prior to noon.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 1:97-cr-00352-KMM   Document 72   Entered on FLSD Docket 12/11/1997   Page 3 of 4

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 3 - Supervised Release

Defendant: HAROLD BRAXTON #50181-004  
Case Number: 97-352-CR-MOORE

Judgment--Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to each of Counts 1 and 2, to run concurrently with each other.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

Defendant shall participate in the home confinement program for a period of 5 months. During this time, the defendant will remain at his place of residence at all times. Exceptions may include approved employment and other activities approved in advance by the probation officer. The defendant will maintain a telephone in his place of residence without "call forwarding," "call waiting," "callback/call block," "caller ID," or a modem for the above period. The defendant will wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for the electronic monitoring equipment at a rate of $4.97 per day or in accordance with her ability to pay as determined by the U.S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 5 - Fine

Judgment--Page 4 of 4

Defendant:  HAROLD BRAXTON #50181-004
Case Number:  97-352-CR-MOORE

**FINE**

The defendant shall pay a fine of $ 4,000.00.  This fine includes any costs of incarceration and supervision.

This fine (plus any interest required) shall be paid to the United States.  Said sum shall be paid in such installments, at such times and in such a manner as shall be directed by the Bureau of Prison, during the term .